UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROLYN HERZ SRIVASTAVA,  )  | |
| )  | |
| Plaintiff,  )  | |
| vs.  )  | Case No. 1:13-cv-1212-WTL-DML |
| )  | |
| UNITED STATES OF AMERICA, et al.,  )  | |
| )  | |
| Defendants.  )  | |

**Entry and Order Dismissing Action**

**I.**

**A.**

This action was removed from the Monroe Circuit Court, where it had been docketed as No. 53C01-1307-CT-001297.

Carolyn Herz Srivastava is a restricted filer in the Seventh Circuit. Insofar as relevant here, the restrictions emanate from the *Order* of the Court of Appeals issued on August 30, 2011, in No. 11-2817. The Order of the Court of Appeals is this:

> [T]he clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Carolyn H. Srivastava unless and until she pays in full the sanction that has been imposed against her. *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in Mack, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack,* 45 F.3d at 186-87.

The court takes judicial notice of the foregoing. *See In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

The plaintiff was given a period of time in which to demonstrate that the fine imposed in No. 11-2817 has been paid or that the Order imposing such fine has been rescinded. The plaintiff responded with her letter filed with the clerk on August 16, 2013. That letter contains the plaintiff's arguments that the *Order* of the Court of Appeals issued on August 30, 2011, in No. 11-2817 is invalid, that certain defendants in this case have engaged in misconduct, that the undersigned may be biased against the plaintiff because of the disposition in No. 1:09-cv-909-WTL-DKL, that she should be permitted to file documents electronically, that she will refrain from filing documents in this court unless she is permitted to do so electronically, and that she fears retaliation.

The plaintiff's concerns just listed are readily addressed. Any challenge to the Order of the Court of Appeals in No. 11-2817 must be presented to and resolved by the Court of Appeals. The asserted misconduct of defendants does not diminish or erase the effect of the Order of the Court of Appeals issued on August 30, 2011, in No. 11-2817. The assertion of possible bias rests on prior judicial rulings and hence is meritless. *See Liteky v. United States,* 510 U.S. 540 (1994); *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). The plaintiff's interest in electronic filing is irrelevant so long as the filing restriction is in effect. Her concern with possible retaliation is not linked with any filing in this action, nor with any tangible threat she has identified, and in any event would not supersede the filing restriction which has been noted here.

In sum, the concerns presented in the plaintiff's letter filed on August 16, 2013, do not identify any authority or circumstances which permit her to proceed with the prosecution of this action in light of the filing restriction imposed in the Order of the Court of Appeals issued on August 30, 2011, in No. 11-2817.

**B.**

The consequences of the circumstances noted in Part I.A. of this Entry are that the plaintiff is prohibited from filing papers in this action based on the Order in No. 11-2817, which remains in effect. In turn, the plaintiff is unable to prosecute this action.

The action is therefore **dismissed for failure to prosecute.** The only way to prevent the further abusive litigation of this plaintiff is to specify that the dismissal be with prejudice.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/12/2013

Distribution:

Electronically Registered Counsel

Carolyn H. Srivastava
3105 Lehigh Ct.
Indianapolis, IN 46268

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana